LEO BAILEY V. STATE.

No. 30,700. June 3, 1959.
Motion for Rehearing Overruled June 27, 1959.

*Leonard R. Winborn,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Merle Flagg,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary, with a prior conviction for the same offense alleged for enhancement; the punishment, 12 years.

W. H. Gardner's service station, located one block from the intersection of Morrell and Denley Drive in Dallas, was burglarized sometime after closing time on the night in question; and, when notified by the police after midnight, Gardner found that a large grease gun which held 25 pounds of grease, a fitting for the gun, a pair of pliers and a wrench were missing from the building. The following day these items were returned to him by the police.

Kenneth Robbins, a young man who lived in the vicinity of the station, was on his way home on foot at midnight that night and, according to his testimony, saw two men, one of whom he identified as the appellant, pass under the street light at the intersection of Morrell and Denley Drive carrying a large filling

station type of grease gun between them. He was at that time one-half a block from the intersection and began to run toward the men "to see what was going on." When he arrived at the intersection, he saw the two men running on Denley, but they no longer had the grease gun. He and his companion pursued the men for a distance and then returned to the intersection where they met another friend, and the three of them located the grease gun lying over by a grocery store near the intersection, and the police were called. But before the police arrived, an automobile occupied by three men stopped at the grocery store and loaded the grease gun in the turtle. Robbins and his friends followed the automobile to where it stopped at 1215 Woodview, several blocks away, took the license number of the automobile and again returned to the intersection, where they met the police. Robbins then accompanied Sergeant Jennings back to 1215 Woodview, where Jennings apprehended one Lewis asleep in the automobile and saw two men peering out of the window at him. When he ordered the two men out of the house, they did not respond, but the appellant was apprehended a few moments later as he fled out the back door. Appellant was identified at the scene by Robbins as being the man he had seen carrying the rear end of the grease gun, and appellant's pants were shown to have a horizontal streak of fresh grease across the front just below the belt line. In the turtle of the automobile were found a fitting for a grease gun, a pair of pliers and a wrench which were covered with grease. The record is not clear as to where the grease gun itself was found.

Appellant, testifying in his own behalf, stated that he had been in the house at 1215 Woodview all evening and had not participated in the burglary. He admitted the prior conviction alleged for enhancement as well as other felonies and misdemeanor thefts. He stated that he had run when he learned of the presence of the police because he had some traffic tickets outstanding against him.

Appellant's wife, as well as her mother, testified that he had not been out of the house that evening.

Appellant's sole contention raised on appeal is that the evidence is not sufficient to support the verdict. The jury resolved the conflict in the testimony, and we have concluded that there was sufficient evidence to support its finding.

The judgment is affirmed.